# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 10-31614 |
| Wendy Warner Reynes, | ) | |
| | ) | Hon. Deborah L. Thorne |
| Debtor. | ) | |
| | ) | **Hearing Date: June 6, 2017** |
| | ) | **Hearing Time: 10:00 AM** |

## NOTICE OF THIRD AND FINAL APPLICATION OF FOX SWIBEL LEVIN & CARROLL LLP, FOR AN ORDER (I) ALLOWING AN ADMINISTRATIVE CLAIM FOR COMPENSATION FOR THE PERIOD DECEMBER 1, 2014 THROUGH MARCH 27, 2017; AND (II) AUTHORIZING PAYMENT OF UNPAID FEES

TO:    SEE ATTACHED SERVICE LIST

     PLEASE TAKE NOTICE that on **Tuesday, June 6, 2017** at **10:00 A.M.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Deborah L. Thorne, or any judge sitting in her stead, in Courtroom 613, in the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, and present the **Third and Final Application of Fox Swibel Levin & Carroll LLP, for an Order (I) Allowing an Administrative Claim For Compensation for the Period December 1, 2014 Through March 27, 2017; and (II) Authorizing Payment of Unpaid Fees,** at which time and place you may appear as you see fit.

Dated: May 12, 2017

Respectfully submitted,

**FOX SWIBEL LEVIN & CARROLL LLP**

By:    */s/ N. Neville Reid*
      Fox, Swibel, Levin & Carroll, LLP,
      General Bankruptcy Counsel to the Trustee

N. Neville Reid (ARDC #6195837)
Ryan T. Schultz (ARDC #6288585)
**FOX SWIBEL LEVIN & CARROLL LLP**
200 West Madison Street, Suite 3000
Chicago, IL  60606
Ph:  312.224.1200
Fx:  312.224.1201

## <u>CERTIFICATE OF SERVICE</u>

I, N. Neville Reid, certify that on May 12, 2017, I caused a copy of the foregoing **Third and Final Application of Fox Swibel Levin & Carroll LLP, for an Order (I) Allowing an Administrative Claim For Compensation for the Period December 1, 2014 Through March 27, 2017; and (II) Authorizing Payment of Unpaid Fees** to be filed electronically, with a copy of same being served upon the parties listed on the attached Service List by the Court's ECF filing system or by postage prepaid first-class U.S. Mail.



_/s/ N. Neville Reid_
N. Neville Reid

## <u>SERVICE LIST</u>

**PARTIES TO RECEIVE NOTICE THROUGH THE COURT'S CM/ECF SYSTEM:**

William J Factor on behalf of Debtor Wendy Reynes
wfactor@wfactorlaw.com, wfactorlaw@gmail.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Josephine J Miceli on behalf of Creditor Bank of America, National Association
jmiceli@fisherandshapirolaw.com, BK_IL_Notice@fisherandshapirolaw.com

**PARTIES TO RECEIVE NOTICE BY POSTAGE PREPAID FIRST-CLASS U.S. MAIL:**

Wendy Warner Reynes
1816 B Wildberry Dr.
Glenview, IL 60025-1788

First American Title Insurance Company
c/o Walinski & Associates
221 N. LaSalle St.
Suite 1000
Chicago, IL 60601-1320

FIA CARD SERVICES, N.A.
4161 Piedmont Parkway
NC4 105 03 14
Greensboro, NC 27410

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In Re                      )
                             )
                             )    Bankruptcy No. _____
                             )
            Debtor.    )    Chapter        _____

### COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION
### (IN CASES UNDER CHAPTERS 7, 11 AND 12)

Name of Applicant: _____

Authorized to Provide Professional Services to: _____

Date of Order Authorizing Employment: _____

Period for Which Compensation is Sought:
From    _____, _____    through _____, _____

Amount of Fees Sought:    $_____

Amount of Expense Reimbursement Sought:    $_____

This is an:        Interim Application _____        Final Application _____

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| | | | | |

Dated:  _____        _____
                                                         (Counsel)

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 10-31614 |
| Wendy Warner Reynes, | ) | |
| | ) | Hon. Deborah L. Thorne |
| Debtor. | ) | |
| | ) | **Hearing Date: June 6, 2017** |
| | ) | **Hearing Time: 10:00 AM** |

## THIRD AND FINAL APPLICATION OF FOX SWIBEL LEVIN & CARROLL LLP, FOR AN ORDER (I) ALLOWING AN ADMINISTRATIVE CLAIM FOR COMPENSATION FOR THE PERIOD DECEMBER 1, 2014 THROUGH MARCH 27, 2017; AND (II) AUTHORIZING PAYMENT OF UNPAID FEES

Fox Swibel Levin & Carroll LLP[1] ("FSLC"), general bankruptcy counsel to N. Neville Reid, not individually, but solely in his capacity as the chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Wendy Warner Reynes (the "Debtor"), files this application ("Application") for an order (i) allowing an administrative claim for compensation consisting of fees in the amount of $11,575.50 (the "Requested Compensation") incurred during the period of December 1, 2014 through March 27, 2017 (the "Application Period"); and (ii) authorizing the Trustee to pay FSLC (a) outstanding fees in the amount of $5,851.00 incurred during the period from October 1, 2010 through November 30, 2014 and which were authorized prior hereto to be paid pending further receipts by the Estate, and (b) allowed fees in the amount of $7,561.79[2] incurred during the Application Period. For its Application, FSLC respectfully states the following:

## INTRODUCTION

1.       This Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334.

---

[1] Prior to September 1, 2012 Fox, Swibel, Levin & Carroll, LLP was known as Fox, Hefter, Swibel, Levin & Carroll, LLP.

[2] Trustee seeks to allow all of the Requested Compensation herein but, as an accommodation to the Estate, is requesting payment of only an amount equal to $7,561.79.

This matter is a core proceeding within the meaning of § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The bases for the requested relief are Sections 328, 330, and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

## BACKGROUND

3.      On July 15, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Court").  Shortly thereafter, N. Neville Reid was appointed as chapter 7 trustee for the Debtor's Estate.

4.      On October 5, 2010, the Court entered a final order granting the Trustee's application to retain FSLC as general bankruptcy counsel *nunc pro tunc* to July 23, 2010.

5.      On November 24, 2010, this Court entered a final order granting FSLC's first interim application for payment of an administrative claim in the amount of $7,297.12, consisting of $7,297.12 in fees and $0 in expenses, for the period of July 23, 2010 through September 30, 2010. [Dkt. 28].

6.      On December 30, 2014, this Court entered a final order granting FSLC's second interim application (i) allowing an administrative claim in the amount of $14,950.23, consisting of $14,851.00 in fees and $99.23 in expenses, for the period of October 1, 2010 through November 30, 2014 (the "Prior Application Period"), and (ii) authorizing (a) partial payment of $9,000.00 of such allowed fees and the balance of $5,851.00 pending further receipts by the Estate, and (b) reimbursement of $99.23 in unpaid expenses. [Dkt. 62].

7.      As of April 19, 2011, the sole asset of the Estate was a settlement approved

pursuant to the modified Order Granting Motion for Approval of Settlement [Dkt. 44] by and

Between the Trustee and the Debtor (the "First Settlement"), related to the Debtor's interest in

the Wendy Reynes Charitable Remainder Unitrust (the "CRUT"). The First Settlement was

payable in 27 quarterly installments and such installments were originally made by Debtor in

accordance with the modified Order until July 3, 2012 when they apparently accidentally

switched to the installment amount stated in the First Settlement instead of remaining at the

amount stated in the modified Order.

8.      Upon learning of the incorrect payments, the Trustee contacted the Debtor and,

through her son, began discussing the Debtor's ability to catch the payments up to what should

have been paid to-date under the modified Order.

9.      After the analysis of recent statements for the CRUT, learning of the Debtor's

poor health and understanding the nature of the CRUT, the Trustee determined that a lump sum

payment to the Estate to bring the settlement payments current would not be permissible under

the CRUT and any outstanding settlement payments could not likely be paid from the CRUT

balance upon the Debtor's passing, as the corpus then arguably becomes the property of the

charitable remainderman.

10.     Given the uncertainty of Debtor's health and the inability to collect anything from

the CRUT upon the Debtor's passing, the Trustee believed it was in the best interest of the Estate

to re-negotiate the settlement agreement between Debtor and Trustee and to accept a lump sum

payment into the Estate now in order to avoid the uncertainty of recovering less in the future.

11.     On March 14, 2017, the Court entered an order approving the settlement between

the Trustee and the Debtor.

## REQUESTED RELIEF

12.     FSLC files this Application to be (i) authorized to pay outstanding fees incurred during the Prior Application Period, and (ii) allowed an administrative claim for its unpaid fees and expenses for work performed on behalf of the Trustee during the Application Period, and authorized to pay such outstanding fees and expenses.

13.     Attached as <u>Exhibit A</u> to this Application is a schedule of the name and position of each attorney and paralegal who has performed work for the Trustee for which reimbursement is sought, the number of hours billed by each professional and his/her hourly billing rate, as well as the year each attorney graduated from law school and was admitted to practice in Illinois.

14.     Attached as <u>Exhibit B</u> to this Application are the detailed chronological FSLC time entries by task, describing the actual, necessary services rendered and time expended for work performed on behalf of the Trustee during the Application Period, consisting of the following categories: (B-1) Asset Recovery, (B-2) Fee Application, and (B-3) General Case Administration.

## PROFESSIONAL SERVICES RENDERED

15.     During the Application Period, and more specifically delineated on <u>Exhibit B</u> hereto, FSLC has performed the following services on behalf of the Trustee:

> A.     <u>Asset Recovery</u>.   FSLC prepared, filed, and presented the Trustee's Motion for (A) Approval of a Renegotiated Settlement Agreement Between the Trustee and Wendy Warner Reynes, Pursuant to Bankruptcy Rule 9019(a), and (B) for Limiting Notice [Dkt. 66].
>
> [The tasks in this category account for $7,521.00, or 21.9 hours of the

Requested Compensation.]

B.     Fee Application.  FSLC prepared, filed, and presented the Second Interim

Application for Compensation of FSLC [Dkt. 59].  None of the time

incurred for this Third and Final Application is included in the Requested

Compensation.  FSLC also prepared, filed, and presented the First Interim

Application for Compensation for Trustee [Dkt. 60].

[The tasks in this category account for $2,885.00, or 10.4 hours of the

Requested Compensation.]

C.     General Case Administration.  FSLC performed various miscellaneous

tasks that facilitated the Trustee's ability to finalize the re-negotiated

settlement agreement.

[The tasks in this category account for $1,169.50, or 6.2 hours of the

Requested Compensation.]

**APPROPRIATENESS OF FEES**

16.     The total amount of allowed fees sought by FSLC for professional services in this

Application is $11,575.50. As an accommodation to the Estate, the Trustee is limiting payment

of fees incurred during the Application Period to $7,561.79.  The Trustee also requests that the

Court authorize payment of outstanding fees in the amount of $5,851.00 incurred during the

5

Prior Application Period, which were authorized prior hereto to be paid pending the Estate's further receipt of funds.

17.     The professional services provided by FSLC to the Trustee during the Application Period were necessary and appropriate to assist the Trustee with the administration of the Debtor's case, and were in the best interests of the Estate.  Compensation for the services provided by FSLC is commensurate with the complexity, importance, and nature of the problems, issues and tasks involved.  FSLC undertook all reasonable efforts to ensure that the services it provided were performed in an efficient manner, without duplication of effort.

18.     FSLC's fees are recorded in a computerized time record system, from which the billing records attached to this Application were generated.  FSLC has reviewed the billing records to ensure their accuracy.

19.     FSLC's billing rates for the matters set forth in this Application are consistent with reasonable and customary rates among attorneys and paralegals for the work performed.

20.     FSLC's requested fees are awardable pursuant to Section 330 of the Bankruptcy Code as reasonable and necessary expenses incurred for the administration of the Estate.

## **NOTICE**

21.     Pursuant to Bankruptcy Rule 2002, notice of this Application has been given to: (a) the Debtor; (b) the Debtor's counsel; (c) the United States Trustee for the Northern District of Illinois; (d) all creditors who filed a proof of claim in the case; and (e) all other parties set up to receive notice through the Court's ECF filing system.  As to creditors, and to save costs for the Estate, the Trustee requests that, pursuant to Bankruptcy Rule 2002(h), the court limit notice of this application to creditors who have filed a proof of claim in the case.  No incremental prejudice will result to any other creditor who did not file a proof of claim since such creditors

are not entitled to a distribution in this case.  In light of the nature of the relief requested, the Trustee submits that no further notice is required.

WHEREFORE, FSLC requests entry of an order (i) allowing an administrative claim for the Requested Compensation; (ii) authorizing the Trustee to pay FSLC (a) outstanding fees in the amount of $5,851.00 incurred during the Prior Application Period and which were authorized prior hereto to be paid pending further receipts by the Estate, and (b) allowed fees in the amount of $7,561.79 incurred during the Application Period; and (iii) for such other and further relief as is proper and just.

Dated: May 12, 2017

Respectfully submitted,

**FOX SWIBEL LEVIN & CARROLL LLP**

By:     */s/ N. Neville Reid*
        Fox Swibel Levin & Carroll LLP,
        General Bankruptcy Counsel to the Trustee

N. Neville Reid (ARDC #6195837)
Ryan T. Schultz (ARDC #6288585)
**FOX SWIBEL LEVIN & CARROLL LLP**
200 West Madison Street, Suite 3000
Chicago, IL  60606
Ph:  312.224.1200
Fx:  312.224.1201

# EXHIBIT A

# ATTORNEY AND PARALEGAL INFORMATION

| Rank | Full Name | Law School Class | Admitted to Practice in Illinois | Billing Rate | Time | Amount |
|------|-----------|------------------|----------------------------------|--------------|------|--------|
| | | | | | | |
| **ATTORNEYS** | | | | | | |
| Partner | N. Neville Reid (2014 Rate) | 1987 | 1987 | $495.00 | 3.1 | $1,534.50 |
| Partner | N. Neville Reid (2016 Rate) | 1987 | 1987 | $510.00 | 0.2 | $102.00 |
| Partner | N. Neville Reid (2017 Rate) | 1987 | 1987 | $525.00 | 1.1 | $577.50 |
| Partner | Ryan T. Schultz (2016 Rate) | 2003 | 2006 | $385.00 | 0.4 | $154.00 |
| Partner | Brian J. Wilson (2016 Rate) | 2007 | 2007 | $350.00 | 13.0 | $4,550.00 |
| Partner | Brian J. Wilson (2017 Rate) | 2007 | 2007 | $375.00 | 4.0 | $1,500.00 |
| | | | | | | |
| **ATTORNEY TOTAL** | | | | | **21.8** | **$8,418.00** |

| Rank | Full Name | | | Billing Rate | Time | Amount |
|------|-----------|---|---|--------------|------|--------|
| | | | | | | |
| **PARAPROFESSIONALS** | | | | | | |
| Paralegal | Kimberly Y. McFarland | | | $185/$190.00 | 0.6/1.6[1] | $111.00/$304.00 |
| Paralegal | Melissa N. Aguirre | | | $210.00 | 2.4 | $504.00 |
| Paralegal | Anabelle D. Bouse | | | $185.00 | 12.1 | $2,238.50 |
| **PARAPROFESSIONAL TOTAL** | | | | | **16.7** | **$3,157.50** |

| | | | | | | |
|---|---|---|---|---|---|---|
| **GRAND TOTAL** | | | | | **38.5** | **$11,575.50** |

---

[1] On or before May 1, 2016, Kimberly Y. McFarland's billing rate was increased from $185 to $190.

# EXHIBIT B

# EXHIBIT B-1

# FOX SWIBEL

## Fox Swibel Levin & Carroll LLP

200 W. Madison Street · Suite 3000
Chicago, IL 60606
(312) 224-1200
Tax I.D. 36-4350549

March 27, 2017

FHSLC
FHSLC

INVOICE:  69510
File No:  04950 - 003

Billed Through:  03/27/2017

## Reynes - Asset Recovery

### *PROFESSIONAL SERVICES*

| | | | | | |
|---|---|---|---|---|---|
| 03/31/2016 | KYM | Sending Order Granting Motion to Compromise (Dkt. 44) to Neville | 0.10 hrs @ | 185 /hr | 18.50 |
| 04/01/2016 | RTS | Analysis of remaining payment obligations under settlement agreement (.1); drafted payment schedule (.2); email to N. Reid re same (.1) | 0.40 hrs @ | 385 /hr | 154.00 |
| 05/17/2016 | KYM | Telephone call with Neville re letter to William Factor (.1); Checking docket for William Factor's contact information (.1); Drafting letter to William Factor re missing payments (.2) | 0.40 hrs @ | 190 /hr | 76.00 |
| 05/18/2016 | KYM | Revising the letter to William Factor (2x) (.6); Meeting with Neville re letter to William Factor (.1); Reviewing Settlement Order and the Payment Schedule (.2); Meeting with Neville re same (.1) | 1.00 hrs @ | 190 /hr | 190.00 |
| 05/19/2016 | KYM | Telephone call with Neville re missed payments (.1); Reading emails from Neville re same (.1) | 0.20 hrs @ | 190 /hr | 38.00 |
| 08/09/2016 | BJW | Met with N. Reid to discuss enforcement of remainder of settlement agreement (.3); reviewed documents re. same, including settlement agreement and court orders entering same (1.1) | 1.40 hrs @ | 350 /hr | 490.00 |
| 08/10/2016 | BJW | Prepared for and attended call with W. Factor re. unsatisfied portion of settlement agreement | 0.40 hrs @ | 350 /hr | 140.00 |
| 08/11/2016 | BJW | Prepared for and attended call with W. Factor; spoke to N. Reid re. financial information required to establish justification for currently unpaid amount of settlement | 0.90 hrs @ | 350 /hr | 315.00 |

NNR, as Trustee - Reynes                                                    Page      2
Asset Recovery

| Date | | Description | | | |
|---|---|---|---|---|---|
| 08/16/2016 | BJW | Emailed W. Factor to follow up on requested information re unpaid settlement installments | 0.10 hrs @ | 350 /hr | 35.00 |
| 08/24/2016 | BJW | Responded to W. Factor's email re. collection of financial information needed to resolve unpaid settlement installments | 0.10 hrs @ | 350 /hr | 35.00 |
| 08/29/2016 | BJW | Read email from T. Reynes and reviewed attachments to same (trust agreement, trust statement and bank account snapshot) | 0.50 hrs @ | 350 /hr | 175.00 |
| 08/30/2016 | BJW | Spoke to N. Reid re. additional financial information needed to assess options to fulfill missed settlement payments; continued reviewing financial information sent from debtor's son | 0.40 hrs @ | 350 /hr | 140.00 |
| 08/31/2016 | BJW | Emailed debtor's son re need for additional financial information; reviewed financial information sent from debtor's son to date | 0.30 hrs @ | 350 /hr | 105.00 |
| 09/06/2016 | BJW | Continued reviewing trust agreement and recent trust statement; sent follow up email to Debtor's son re requested financial information | 0.50 hrs @ | 350 /hr | 175.00 |
| 09/13/2016 | NNR | discussion with W. Factor, B. Wilson re settlement of outstanding claim against trust | 0.20 hrs @ | 510 /hr | 102.00 |
| 09/23/2016 | BJW | prepared for and attended call with T. Reynes re settlement | 1.00 hrs @ | 350 /hr | 350.00 |
| 10/03/2016 | BJW | Recalculated payments due under settlement agreement to date and payments to come due in the future; continued reviewing debtor's provided financial and trust documents | 1.30 hrs @ | 350 /hr | 455.00 |
| 10/11/2016 | BJW | Re-calculated potential settlement value given attorneys' fees to date and sent information to debtor's son | 0.40 hrs @ | 350 /hr | 140.00 |
| 10/20/2016 | BJW | Spoke with debtor's son re reinstuting settlement payments | 0.20 hrs @ | 350 /hr | 70.00 |
| 10/31/2016 | BJW | Revisited pay payments to trust and calculations of outstanding settlement funds owed in preparation for phone call with debtor's son | 1.10 hrs @ | 350 /hr | 385.00 |
| 11/01/2016 | BJW | Spoke with T. Reynes re outstanding settlement payments; spoke to trust attorney re ability to satisfy settlement | 0.90 hrs @ | 350 /hr | 315.00 |

NNR, as Trustee - Reynes                                                    Page      3
Asset Recovery

| | | amounts from principal of charitable trust | | | |
|---|---|---|---|---|---|
| 11/07/2016 | BJW | Prepared for and attended phone call with T. Reynes re outstanding settlement payments with debtor; spoke to N. Reid re same | 0.90 hrs @ | 350 /hr | 315.00 |
| 11/10/2016 | BJW | prepared for and attended call with T. Reynes to discuss settlement of outstanding amounts owed to estate; phone call with N. Reid re same | 0.50 hrs @ | 350 /hr | 175.00 |
| 12/06/2016 | BJW | Researched whether settlement would entitle estate to proceeds of CRUT after debtor's death | 0.20 hrs @ | 350 /hr | 70.00 |
| 12/07/2016 | BJW | Spoke with N. Reid re accepting proposed payment from debtor and spoke to debtor's son re same | 0.30 hrs @ | 350 /hr | 105.00 |
| 12/18/2016 | BJW | Drafted motion to approve renegotiated settlement | 0.60 hrs @ | 350 /hr | 210.00 |
| 12/20/2016 | BJW | Edited motion for approval of settlement | 1.00 hrs @ | 350 /hr | 350.00 |
| 01/12/2017 | BJW | Edited settlement agreement with W. Reynes and sent to N. Reid for review | 1.00 hrs @ | 375 /hr | 375.00 |
| 01/17/2017 | NNR | edit, review, revise settlement agreement and email to B. Wilson re same | 0.30 hrs @ | 525 /hr | 157.50 |
| 01/18/2017 | BJW | Spoke to debtor's son re current draft of settlement agreement | 0.30 hrs @ | 375 /hr | 112.50 |
| 01/26/2017 | BJW | Reviewed recently edited settlement agreement | 0.40 hrs @ | 375 /hr | 150.00 |
| 02/16/2017 | BJW | Revised motion to approve settlement | 1.00 hrs @ | 375 /hr | 375.00 |
| 02/20/2017 | NNR | edit, revise motion to approve revised settlement agreement | 0.80 hrs @ | 525 /hr | 420.00 |
| 02/21/2017 | BJW | Coordinated filing of motion to approve settlement | 0.50 hrs @ | 375 /hr | 187.50 |
| 02/21/2017 | MNA | Prepare email to M. Riley re: preparing TFR (.1); begin preparing TFR with M. Riley (.8); prepare motion to approve renegotiated settlment for filing with the bankruptcy court (.4); file same with the bankruptcy court (.3). | 1.50 hrs @ | 210 /hr | 315.00 |
| 03/13/2017 | BJW | Prepared for upcoming hearing on motion to approve settlement | 0.20 hrs @ | 375 /hr | 75.00 |

NNR, as Trustee - Reynes
Asset Recovery

Page      4

| | | | | | |
|---|---|---|---|---|---|
| 03/14/2017 | BJW | Prepared for and attended hearing on motion to approve settlement | 0.60 hrs @ | 375 /hr | 225.00 |

Total Professional Services:          $7,521.00

| ID | Timekeeper Name | Hours | Total Fees |
|---|---|---|---|
| BJW | Wilson, Brian J | 17.00 | $6,050.00 |
| KYM | McFarland, Kimberly Yvette | 1.70 | $322.50 |
| MNA | Aguirre, Melissa N | 1.50 | $315.00 |
| NNR | Reid, N. Neville | 1.30 | $679.50 |
| RTS | Schultz, Ryan T | 0.40 | $154.00 |

## *BILL SUMMARY*

| | |
|---|---|
| TOTAL PROFESSIONAL SERVICES | $7,521.00 |
| TOTAL CHARGES THIS INVOICE | $7,521.00 |
| OUTSTANDING BALANCE | $7,521.00 |

**Please remit within 30 days of receipt.  Thank you.**

**For ACH Payment: US Bank, Chicago, IL ABA# 071904779 Acct# 199355795196**
**For Credit Card Payment: www.foxswibel.com/client-center**
**PLEASE REFERENCE INVOICE NUMBER**

# EXHIBIT B-2

# FOX SWIBEL

## Fox Swibel Levin & Carroll LLP

200 W. Madison Street · Suite 3000
Chicago, IL 60606
(312) 224-1200
Tax I.D. 36-4350549

March 27, 2017

FHSLC
FHSLC

INVOICE: 69511
File No: 04950 - 004

Billed Through: 03/27/2017

## Reynes · Fee Application

### *PROFESSIONAL SERVICES*

| Date | Atty | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| 12/02/2014 | ADB | Emails to A. Salas re: invoices (.2); revised FSLC invoices (.7); re-calculated distribution to parities (.2); emails to N. Reid re: proposed interim distribution to all parties (.2); continue making revisions to the Second Interim Application to Compensate FSLC (1.8); revise the Trustee's First Interim Application for Compensation (.4). | 3.50 hrs @ | 185 /hr | 647.50 |
| 12/02/2014 | NNR | edit, revise fee app and discussion with A. Bouse re same; edit, revise trustee application | 2.00 hrs @ | 495 /hr | 990.00 |
| 12/03/2014 | ADB | Revised application to compensate FSLC (1.1); revised, filed, served and docketed the First Interim Application for Compensation for N. Neville Reid as Chapter 7 Trustee (.6); revised, filed, served and docketed the Second Interim Application for Compensation with Coversheet for Fox Swibel Levin & Carroll, LLP (1.7). | 3.40 hrs @ | 185 /hr | 629.00 |
| 12/03/2014 | NNR | Further edit, revised fee and trustee apps. | 0.50 hrs @ | 495 /hr | 247.50 |
| 12/03/2014 | NNR | Edit, revise fee application and application for trustee comp. | 0.50 hrs @ | 495 /hr | 247.50 |
| 12/08/2014 | ADB | Emailed A. Salas re: Second Interim Application for Compensation for FSLC | 0.10 hrs @ | 185 /hr | 18.50 |
| 12/30/2014 | NNR | prepare for, attend hearing re fee application | 0.10 hrs @ | 495 /hr | 49.50 |
| 07/28/2015 | KYM | Reviewing prebill | 0.30 hrs @ | 185 /hr | 55.50 |

Total Professional Services:     $2,885.00

NNR, as Trustee - Reynes                                                    Page      2
Fee Application

| ID | Timekeeper Name | Hours | Total Fees |
|----|-----------------|-------|------------|
| ADB | Bouse, Anabelle D | 7.00 | $1,295.00 |
| KYM | McFarland, Kimberly Yvette | 0.30 | $55.50 |
| NNR | Reid, N. Neville | 3.10 | $1,534.50 |

## *BILL SUMMARY*

| | |
|---|---|
| TOTAL PROFESSIONAL SERVICES | $2,885.00 |
| TOTAL CHARGES THIS INVOICE | $2,885.00 |
| | |
| OUTSTANDING BALANCE | $2,885.00 |

**Please remit within 30 days of receipt.  Thank you.**

**For ACH Payment: US Bank, Chicago, IL ABA# 071904779 Acct# 199355795196**
**For Credit Card Payment: www.foxswibel.com/client-center**
**PLEASE REFERENCE INVOICE NUMBER**

# EXHIBIT B-3

# FOX SWIBEL

## Fox Swibel Levin & Carroll LLP

200 W. Madison Street · Suite 3000
Chicago, IL 60606
(312) 224-1200
Tax I.D. 36-4350549

March 27, 2017

FHSLC
FHSLC

INVOICE: 69512
File No: 04950 - 005

Billed Through: 03/27/2017

## Reynes · General Case Administration

## *PROFESSIONAL SERVICES*

| | | | | | |
|---|---|---|---|---|---|
| 12/03/2014 | ADB | Emailed N. Reid re: proposed distribution/balance of funds in the Estate (.1); reviewed email from K. Goin re: error in TCMS (.1); reviewed TCSM/Form 2 to determine why the TCMS balance and the bank's balance are off (.2); telephone call with S. Linares and R. Fetters at TCMS re: duplicate charges/bank fees/errors (1.2); email to N. Reid and K. Goin re: same (.1); email to S. Linares and R. Fetters re: same (.1) reviewed and responded to emails from K. Goin re: same (.1); telephone call with R. Fetters re: distribution/trustee compensation; (.2); met with N. Reid re: fee applications (.6). | 3.00 hrs @ | 185 /hr | 555.00 |
| 12/04/2014 | ADB | Reviewed email from K. Goin re: interim distribution to creditors | 0.10 hrs @ | 185 /hr | 18.50 |
| 12/29/2014 | ADB | Telephone call with NR re: payment to BOA (.2); telephone call with Amanda Koch at Bank of America (.2);draft letter to FIA re: payment sent to BOA (.1); prepared docs for N. Red for Court on  12-30-2014 (.4) | 0.90 hrs @ | 185 /hr | 166.50 |
| 12/30/2014 | ADB | Revised letter to FIA re: payment sent to BOA (.2);  draft memo to A. Salas re: Check to FSLC (.3); telephone call with N. Reid re: same (.2); met with A. Salas re: same (.4) | 1.10 hrs @ | 185 /hr | 203.50 |
| 09/03/2015 | KYM | Meeting with Neville re Quarterly payments | 0.10 hrs @ | 185 /hr | 18.50 |
| 03/16/2016 | KYM | Checking bank balance | 0.10 hrs @ | 185 /hr | 18.50 |
| 02/16/2017 | MNA | Prepare email to M. Riley re: N. Reid's inquiry about this being a surplus case. | 0.10 hrs @ | 210 /hr | 21.00 |

NNR, as Trustee - Reynes                                                      Page    2
General Case Admin.

| Date | ID | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 02/21/2017 | MNA | Prepare email to M. Riley re: preparing TFR. | 0.10 hrs @ | 210 /hr | 21.00 |
| 03/13/2017 | MNA | Print copies of the notice and motion that will be heard tomorrow as well as a copy of the claims register for B. Wilson. | 0.20 hrs @ | 210 /hr | 42.00 |
| 03/16/2017 | MNA | Discuss case status and next steps with N. Reid. | 0.50 hrs @ | 210 /hr | 105.00 |

Total Professional Services:     $1,169.50

| ID | Timekeeper Name | Hours | Total Fees |
|---|---|---|---|
| ADB | Bouse, Anabelle D | 5.10 | $943.50 |
| KYM | McFarland, Kimberly Yvette | 0.20 | $37.00 |
| MNA | Aguirre, Melissa N | 0.90 | $189.00 |

### *BILL SUMMARY*

| | | |
|---|---|---|
| TOTAL PROFESSIONAL SERVICES | $1,169.50 |
| TOTAL CHARGES THIS INVOICE | $1,169.50 |
| OUTSTANDING BALANCE | $1,169.50 |

**Please remit within 30 days of receipt.  Thank you.**

**For ACH Payment: US Bank, Chicago, IL ABA# 071904779 Acct# 199355795196**
**For Credit Card Payment: www.foxswibel.com/client-center**
**PLEASE REFERENCE INVOICE NUMBER**